## A. W. GOULDING V. THE STATE.

No. 16624.   Delivered April 4, 1934.

The opinion states the case.

*H. L. Faulk,* of Brownsville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of extortion, and his punishment assessed at confinement in the State penitentiary for a term of five years.

The prosecution was had under article 1268a, P. C., of an Act of the 42nd Legislature, chapter 10, sec. 1, which reads as follows:

"Whoever shall threaten to take the life of any human being or to inflict upon any human being any serious bodily injury, or to burn, injure or destroy any property of any person for the purpose or with the view of extorting money or anything of value, from the person threatened, shall be guilty of a felony. One guilty of the above offense shall be confined in the State penitentiary not less than five nor more than twenty-five years."

The charging part of the indictment under this foregoing statute, omitting the formal parts, reads as follows:

"That A. W. Goulding, on or about the 12th day of January, A. D. 1933, in Cameron County, Texas, did then and there unlawfully and voluntarily and knowingly threaten to take the life of W. H. Bardwell and threatened to inflict serious bodily injury upon the said W. H. Bardwell, for the purpose and with the view of extorting money from the person of the said W. H. Bardwell."

By a motion to quash, the indictment was attacked as being vague and indefinite and that it did not sufficiently inform appellant of the nature of the accusation against him and especially in that it did not charge that the threat was written or oral but rests upon the broad allegation that there was a threat to take life with the view of extorting money. The statute above quoted is of compartive recent enactment and has not been before this court for construction. However, in testing the sufficiency of the indictment under this statute, we must necessarily resort to the general rules of construction. One of the requisites of an indictment or information is that it shall set forth the offense in plain and intelligible language. Article 398, C. C. P., reads as follows:

"The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense."

This does not mean merely that the indictment must allege that the party accused has done some act which is an offense against the law. There must be some particularity or what the law calls certainty in an indictment. The particular act of which the State complains must be set forth in plain and intelligible words so that the party who was accused may know what he will be called upon to answer and that he may be able to prepare for his defense. The serious question that arises in the case under consideration is whether the indictment is sufficiently certain and definite that it will enable the accused to plead a judgment of conviction in bar of any other prosecution for the same offense and apprise the accused of what he will be

called upon to answer and that he may be able to prepare for his defense.

It has been held in the case of Melton v. State, 12 Texas App., 552, that an information in a prosecution of defendant for imputing to a female the want of chasity is not sufficient, but that the indictment should set forth the words constituting the alleged slander and not merely the conclusion that the accused imputed to a female the want of chasity. In the case of Lagrone v. State, 12 Texas Crim. App., 426, this court, speaking through Judge Willson, said:

While it is true that "the offense is charged in the information in the language of the statute, and in general it is sufficient to thus charge an offense created by statute. * * * But to this general rule there are well established exceptions. One of the requisites of an indictment or information is that it set forth the offense in plain and intelligible language. * * * Upon principle and upon authority we conclude that in charging the offense created by article 645, P. C., the indictment and information is bad unless it sets out, at least substantially, the language or writing constituting the imputation of a want of chasity."

Under article 1268a, P. C., the offense may be committed by either verbal or written threats. It appears to us that if the State relies upon verbal threats, same should be set forth, either in haec verba or in substance, and, if it relies upon written threats, then the written instrument which contains the threats and by which the same are conveyed to the party threatened should be set out if possible; otherwise, same should be set out in substance. It appears to us that the modern judicial trend seems to be that where the prosecution is based upon an instrument in writing, at least the substance of the instrument should be set forth in the indictment, notwithstanding the general rule that in describing the offense in the indictment it is sufficient to follow the language of the statute. There are instances which form exceptions to this general rule and in which more certainty is required either from the obvious intention of the Legislature or from the application of known principles of law. In the case of Rudy v. State, 195 S. W., 187, this court, speaking through Judge Morrow, said:

"In the application of this exception to the general rule in instances where a written instrument enters into an offense as a part or basis thereof, or when its proper construction is material, the instrument should be set out in the indictment. White v. State, 3 Texas App., 605, Horan v. State, 7 Texas

App., 183, Hosky v. State, 9 Texas App., 202, Coulson v. State, 16 Texas App., 189, Tynes v. State, 17 Texas App., 123."

This rule was re-announced by Judge Christian in the case of Ziegler v. State, 50 S. W. (2d) 317. It occurs to us that inasmuch as the prosecution in this case was based upon a written instrument which was not only the basis of the offense but was also material for proper construction and no threat seems to have been made except by the language contained in the written instrument, whether said language in said written instrument constituted a threat to take the life of W. H. Bardwell or do him serious bodily injury for the purpose and with the view of extracting money from his person was a proper subject of construction by the court. In the case of Kessler v. State, 50 Ind., 229, under a statute somewhat similar to the one under which the prosecution in this case was based, the court said, in passing upon the indictment:

"We are of the opinion, however, that there is at least one fatal defect in the indictment in this case. It will be seen by recurring to the indictment, as set out in this opinion, that it does not allege to whom the threats were made. If the threat was made to Hereth, the prosecuting witness, the fact should have been stated. If it would be legally sufficient that the threat was made to a third person, with intent that it should be communicated to him, the fact, with the name of such third person, should have been averred. We think, for this reason, the indictment should have been held bad."

In the case under consideration, it is not alleged whether the threats were made verabally or in writing, nor is it alleged directly and positively that the threats were made directly to the person threatened, and, if not directed to the person threatened, it fails to aver to whom or by what means the threat was communicated to the party threatened. We think, for this reason, the indictment should have been held bad.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and prosecution order dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.