ABE LEVY v. THE STATE.

No. 20819. Delivered February 7, 1940.

The opinion states the case.

*E. T. Edrington,* of Houston, and *King C. Haynie,* of Houston, on appeal only, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is a threat to take life; the punishment, a fine of $100.

The record before us is without a statement of facts.

Appellant attacks the complaint and information as being insufficient on the ground that it was necessary to do more than set forth the offense in the language of the statute. The information follows the complaint. We quote the charging part

of the complaint as follows: "Abe Levy and Mrs. Jean Levy did then and there threaten to take the life of a human being, to-wit, James E. Hatch, said threat being then and there seriously made, and did then and there threaten to do and inflict serious bodily injury upon the said James E. Hatch, said threat being then and there seriously made." In support of his position appellant cites Goulding v. State, 70 S. W. (2d) 200. In that case the prosecution proceeded under Art. 1268a, Vernon's Ann. Texas P. C., which provides: "Whoever shall threaten to take the life of any human being or to inflict upon any human being any serious bodily injury, or to burn, injure or destroy any property of any person for the purpose or with the view of extorting money or anything of value from the person threatened shall be guilty of a felony. One guilty of the above offense shall be confined in the State Penitentiary not less than five nor more than twenty-five years." The present proscution proceeded under Art. 1265, P. C., which reads as follows: "Whoever shall seriously threaten to take the life of any human being or to inflict upon any human being any serious bodily injury shall be fined not less than one hundred nor more than two thousand dollars, and in addition thereto may be imprisoned in jail not exceeding one year." This court has expressly held that under the article last quoted a complaint following the language of the statutes is sufficient. We quote from Tynes v. State, 17 Tex. Cr. R. 123, as follows:

"Under the article 809, Penal Code, denouncing a penalty for seriously threatening to take the life of a human being, the leading object contemplated in the prohibition is the act itself of threatening to take life, whatever may be the mode of doing it. 'A threat to take life is a definite, single act, capable of being performed in different ways by the use of different words, just as in the case of an assault. * * * Still, however, variant the modes and means of performing the act, it is single and definite, and therefore it is not required that the particular mode or means in any case shall be set out.' In such case, it would be sufficient for the indictment to charge that the defendant 'did then and there unlawfully, feloniously and seriously threatened to take the life of A. B.,' etc.

"A different rule prevails where the offense consists in the sending of a threatening letter with the purpose of extoring money. In such a case it is not sufficient to charge the offense alone in the statutory words. The composition, that is, the letter itself, should have been set out, or such a description given of it that the court, upon inspection, could have judged

of its character, and whether or not it was what is alleged to be a threat for the purpose of extoring money. * * *."

In Longley v. State, 43 Tex. Rep. 490, in construing the statute now under consideration, the court said: "The indictment complies substantially with the statute, and it was not necessary that it should contain the language in which the threat was expressed."

In Branch's Ann. P. C., Section 2682, it is said: "An indictment or information for seriously threatening to take the life of a human being or to inflict serious bodily injury upon a human being need not set out the words constituting the threat. The legal effect of the language constituting the threat may be alleged, and when this is done it is not necessary for the indictment or information to contain the language in which the threat was expressed."

Giving application to the announcement of the authorities, we are constrained to overrule appellant's contention that the complaint and information are insufficient.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.