Larry Bill **JARRELL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 52185.

Court of Criminal Appeals of Texas.

June 2, 1976.

Richard Alan Anderson, Dallas, for appellant.

Henry Wade, Dist. Atty., William M. Lamb and Hugh Lucas, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from an order revoking probation.

On July 28, 1975, appellant pleaded guilty to the offense of retaliation. See V.T.C.A. Penal Code, Sec. 36.06. Punishment was assessed at two years probated.

The State filed a motion to revoke appellant's probation on October 6, 1975, alleging that he violated condition (a)[1] of his probation in that on September 28, 1975 appellant "did then and there knowingly and intentionally threaten the said complainant, Kathy Eileen Hensleigh, with bodily harm or injury by threatening to kill said complainant."

After a hearing on October 16, 1975, the court entered an order revoking appellant's probation, finding that appellant had violated that condition of his probation which required that appellant "Commit no offense against the laws of this or any other state or the United States."

Appellant contends that the court abused its discretion in revoking appellant's probation in that the evidence was insufficient to support the court's finding.

Kathy Hensleigh, aged thirteen, was at home with her younger brother and sister about 11:00 p. m. on September 28, 1975. The younger brother and sister were asleep and Kathy was in a bedroom studying when appellant started ringing the door bell. Kathy went to the door and appellant asked her to let him in, "He just kept saying, 'Let me in.'" Kathy slammed the door and about ten minutes later "he [appellant] came back . . . and started ringing the door bell." Kathy tried to call her mother on the phone to no avail. On this occasion Kathy did not go to the door and talked to appellant at a window, "because I didn't want to open the door." The testimony of Kathy reflects that the following transpired:

> "I think I said something about the police. I—no, he said that I always called the police on my brother, and I said I didn't; and then he all of a sudden—he says, 'Well, you just go ahead and call the police, and I'll kill you,' and most of the things he said

from then on, that I was going to— that he was going to kill me.

> "Q. That he was going to kill you; is that right?
>
> "A. Uh-huh.
>
> "Q. How many times out there, Kathy, did he tell you he was going to kill you?
>
> "A. About ten times."

Kathy described appellant as acting "strange" and stated that she was "scared" and "afraid." Appellant left when Kathy's mother returned home. The testimony of Carol Hensleigh, mother of Kathy, reflects that she had ordered appellant to stay away from the house fearing that appellant was a bad influence on Kathy's older brother.

Appellant urges that the evidence is insufficient to support the court's findings in that the threat was not coupled with the ability to carry same out. Appellant points to evidence that he was talking to the complaining witness through a window and that the door to the house was locked. In addition, appellant urges that he was incapable of carrying out any threat because of a deformed arm. Appellant cites a number of cases under the former code.

We find the applicable statute to be V.T. C.A. Penal Code, Sec. 22.07, which provides in pertinent part:

> "(a) A person commits an offense if he threatens to commit an offense involving violence to any person or property with intent to:
>
> (1) . . .;
>
> (2) place any person in fear of imminent serious bodily injury;
>
> (3) . . . . .
>
> (b) An offense under this section is a Class B misdemeanor . . . . .

In Branch's Annotated Penal Code, 3rd Edition, Sec. 22.07 (1973), the following comment appears:

> "This section was intended to be very broad and cover all threats of violence where the intent was to cause fear, emergency action, or substantial inconven-

---

1. Condition (a) of the judgment of probation required that appellant "Commit no offense against the laws of this or any other State or the United States."

ience. *It should be realized that it is the desired reaction of the listener, irregardless of whether or not the threat is real, that constitutes the offense.* The offense is new, and is designed to correct defects in the old Code which dealt only peripherally with the problem (see Articles 476 and 1265, P.C. 1925)." [Emphasis supplied.]

The Practice Commentary following V.T. C.A. Penal Code, Sec. 22.07, reads in pertinent part:

"The section is broad enough to cover threats to commit any crime of violence if the actor's intent is to cause fear, emergency action, or substantial inconvenience. It also covers both threats against an individual that may not constitute assault and threats that cause public terror or inconvenience."

█ We conclude that capability to carry out the threat is not an essential element of the offense set forth in V.T.C.A. Penal Code, Sec. 22.07, and find that the evidence supports the trial court's finding in its order revoking probation. No abuse of discretion is shown in revoking appellant's probation.

The judgment is affirmed.

ROBERTS, J., concurs in the result.

Opinion approved by the Court.