**Ellis Douglas BURRELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52069.**

Court of Criminal Appeals of Texas.

Oct. 6, 1976.

Thomas P. Roebuck, Beaumont, for appellant.

Thomas L. Hanna, Dist. Atty., Jimmie R. Stanton, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

This is an appeal from an order revoking probation.

By per curiam opinion dated May 26, 1976, this appeal was ordered dismissed by this Court due to lack of jurisdiction of the appeal in the absence of a judgment of the original conviction in the appellate record. Thereafter a supplemental transcript was filed containing a judgment duly entered by the trial court on December 18, 1974. By order of the Court of Criminal Appeals dated June 29, 1976, the appeal was for good and sufficient cause reinstated on the docket, and it is now before us for our consideration.

The record reflects that on December 18, 1974, appellant plead guilty, waived a jury, and was convicted of burglary. Punishment was assessed at eight years, probated. Condition (a) of the order of probation provided that appellant should commit no offense against the laws of this state or any other state or of the United States.

On May 30, 1975, the State filed a motion to revoke probation, alleging that on May 7, 1975, in Jefferson County, appellant committed the offense of Terroristic Threat (see V.T.C.A. Penal Code, Sec. 22.07) by threatening to kill Willie Chester Wise with the intent to place the said Wise in fear of imminent serious bodily injury. A hearing was conducted on said motion on August 4, 1975, at the close of which the court found that appellant had violated condition (a) of the order of probation: "By committing the

offense of Terroristic Threat in that on or about May 7, 1975, in Jefferson County, Texas, Ellis Douglas Burrell did then and there threaten to commit an offense involving violence to Willie Chester Wise, namely, to kill the said Willie Chester Wise, with intent to place Willie Chester Wise in fear of imminent serious bodily injury."

The court entered its order revoking appellant's probation, and duly sentenced him to a term of not less than two nor more than eight years in the Texas Department of Corrections. Appellant timely gave notice of appeal.

In two grounds of error, appellant complains of insufficiency of the evidence to justify the court's finding that appellant directed a serious terroristic threat toward the complainant which placed complainant in fear of imminent serious bodily injury.

V.T.C.A. Penal Code, Sec. 22.07(a)(2) and (b), Terroristic Threat, provides:

"(a) A person commits an offense if he threatens to commit any offense involving violence to any person or property with intent to:

"(2) place any person in fear of imminent serious bodily injury; or

\* \* \* \* \* \*

"(b) An offense under this section is a Class B misdemeanor unless it is committed under Subsection (a)(3) of this section, in which event it is a Class A misdemeanor."

The complainant Wise testified that on May 7, 1975, he was the owner and operator of Cookie's Soul Kitchen in Port Arthur. About midnight on May 7, he became involved in an argument with Norman Wade outside of the building concerning the latter having urinated on the side of the building. Appellant and his brother Clyde Burrell appeared and sided with Wade. The argument "really then got heated. I was called some quite obvious names, and a threat was made against my life." Wise testified that Wade, Clyde Burrell and appellant made threats against him, "and the Burrell brothers said they would get me, period." The threats against his life and to get him

caused complainant to have "one thought in my mind: it was either me or them." Wise could tell that appellant "meant what he said" and seeing the severity of the situation, he asked his wife to call the police. Wise testified that in calling the police he took the precautions he felt were necessary in order to protect his life, and also to protect his patrons and "my kids."

Appellant and Norman Wade testified and denied having made any threats against complainant on this occasion. Fact issues were raised by the evidence which were decided by the court when he found "beyond a reasonable doubt" that the facts alleged as a violation of condition (a) of the probation order were true, and revoked probation.

As stated in the Practice Commentary by Hon. Seth S. Searcy and James R. Patterson to V.T.C.A. Penal Code, Sec. 22.07, appearing following that Section in Volume 2 of the Code:

> "This section is directed toward those who seek to cause terror or public inconvenience by threatening to commit crimes of violence. It is a new offense covering conduct covered only haphazardly in prior law, see, e. g., Penal Code arts. 476, 1265. The conduct resembles that proscribed by Section 42.06 (false alarm or report), except that the actor does not necessarily know his threat is false; indeed, he may intend to carry it out.
>
> "The section is broad enough to cover threats to commit any crime of violence if the actor's intent is to cause fear, emergency action, or substantial inconvenience. It also covers both threats against an individual that may not constitute assault and threats that cause public terror or inconvenience.
>
> "Threats that affect the public, being more serious because their effect is widespread, are punished more severely."

The testimony of the complainant Wise reflected that on the occasion here involved appellant did threaten to commit an offense involving violence to complainant with intent to place him in fear of imminent serious bodily injury. See Section 22.07(a)(2),

supra. The trial court did not abuse its discretion in revoking probation.

The judgment is affirmed.

Opinion approved by the Court.