Diana Burton DUES, Appellant,

v.

The STATE of Texas, Appellee.

No. 62589.

Court of Criminal Appeals of Texas, Panel No. 3.

June 9, 1982.

Rehearing Denied June 30, 1982.

Danny D. Burns, Dallas, for appellant.

Henry Wade, Dist. Atty., Ronald D. Hinds & Randy Biddle, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, DALLY and McCORMICK, JJ.

## OPINION

DALLY, Judge.

This is an appeal from the offense of terroristic threat. V.T.C.A. Penal Code, Section 22.07. The punishment is a fine of two hundred dollars.

■■■ The appellant in his first ground of error argues that the prosecutor misstated the law during the voir dire examination of the jury panel so that he was denied a fair trial. During the examination the prosecutor made the following remarks:

"PROSECUTOR: Now, today, we're trying a case for the offense of terroristic threats. Now, the State has to prove to you approximately seven elements and that is; that this Defendant on or about a specified date in Dallas County, Texas, threatened to commit an offense involving violence to any person with the intent to place any person in fear of imminent serious bodily injury. Now, what that means is, that a person makes a threat to someone else and it scares the other person.

"Now, in deciding what the intent is, you go to what the person thought. In other words, the person that received the threat, not to what the Defendant thought.

"DEFENSE COUNSEL: I object. It's a misstatement.

"THE COURT: She can't hear what you're saying.

"DEFENSE COUNSEL: I object, Your Honor, it's a misstatement of the law.

"THE COURT: Overruled.

"PROSECUTOR: Thank you, Judge. It's what that person thought that received the threat. In other words, if I

make a statement to someone else and I don't intend to—I don't have an idea that it's going to happen—Like, 'I'm going to shoot your head off.' But I'm not really going to do that. It's what that person thought. Did that person think that I could actually carry out those things? Do you all understand that? It doesn't matter what I think when I'm pointing that gun—

"DEFENSE COUNSEL: Your Honor, I object to the misstatement of the law. It does matter what the person thinks and the criminal intent is a necessary element of this case. The way Mr. Biddle is stating it, their intent is not required and I would ask the Court to correct that misstatement of the law.

"THE COURT: Overruled."

Section 22.07(a)(2), V.T.C.A., provides:

"A person commits an offense if he threatens to commit any offense involving violence to any person or property with intent to:

". . . .

"(2) place any person in fear of imminent serious bodily injury; . . . ."

Therefore, in order to commit this offense the accused must have the specific intent to place any person in fear of imminent serious bodily injury. A person acts with intent with respect to the nature of his conduct or to a result of his conduct when it is *his conscious objective or desire* to engage in the conduct or cause the result. V.T.C.A. Penal Code, Sec. 6.03(a). Intent can be inferred from the acts, words, and conduct of the accused. *Beltran v. State*, 593 S.W.2d 688 (Tex.Cr.App.1980); *Romo v. State*, 593 S.W.2d 690 (Tex.Cr.App.1980). However, the accused's intent cannot be determined merely from what the victim thought at the time of the offense. Indeed, for this offense to be completed it is not necessary that the victim or anyone else was actually placed in fear of imminent serious bodily injury. Additionally, it is immaterial to the offense whether the accused had the capability or the intention to carry out his threat. *Burrell v. State*, 541

S.W.2d 615 (Tex.Cr.App.1976); *Jarrell v. State*, 537 S.W.2d 255 (Tex.Cr.App.1976). All that is necessary to complete the offense is that the accused by his threat sought as a desired reaction to place a person in fear of imminent serious bodily injury. *Burrell v. State*, supra; *Jarrell v. State*, supra.

Thus, we must conclude that the prosecutor's statements were improper. The remarks were to the obvious detriment of the appellant and the error was never corrected. In fact the instructions to the jury only compounded the error. After correctly defining intent in accordance with Section 6.03(a), supra, the charge states:

"In determining whether or not a threat placed a person in fear of imminent serious bodily injury, it is the reaction of the person threatened, regardless of whether or not the threat is real that constitutes the offense."

As noted above it is not necessary that the victim be placed in fear of imminent serious bodily injury; it is the defendant's threat of violence made with the intent to place the victim in fear of imminent serious bodily injury that constitutes the offense. *Jarrell v. State*, supra.

The prosecutor's remarks denied the appellant a fair trial. Cf. *Cook v. State*, 540 S.W.2d 708 (Tex.Cr.App.1976).

The judgment is reversed and the cause remanded.