Stephen GEORGE, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–91–00485–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 12, 1992.

Richard Frankoff, Brian Wice, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Karen A. Clark, Stephanie Stephens, Asst. Dist. Attys., Houston, for appellee.

Before SAM BASS, JONES and COHEN, JJ.

## OPINION

COHEN, Justice.

Appellant was convicted of making a terroristic threat. The judge assessed punishment of 180–days confinement in jail, pro-

bated for two years, and a fine of $1000.00. We reverse and remand.

In point of error one, appellant contends there was insufficient evidence he intended to put the complainant in fear of imminent injury.

We must determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. We view the evidence in a light most favorable to the verdict. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim. App.1989).

On July 24, 1990, Mrs. Patricia George, the complainant, and the two George children were at their home in Clear Lake City. Appellant and Mrs. George were opponents in a bitter divorce and child custody dispute. Appellant no longer lived with Mrs. George and the children. He was allowed by court order to call the children on Tuesday and Thursday nights to speak with them for 15 minutes.

On July 24, 1990, appellant called, but his son refused to talk to him. When Mrs. George told appellant, he said, "I'm going to kill you, you bitch." Mrs. George recorded the conversation.

Mrs. George immediately called the police, afraid that appellant was coming to kill her. At first, she testified that appellant lived about seven blocks away. Later, however, she remembered that at the time of the threat, appellant had moved to an apartment about five miles away from her house. Mrs. George, however, was not certain that appellant called from his home, and thought he could have called from his car phone. She locked all the doors, put the children in a bedroom, and waited with a loaded pistol for the police. Before the police arrived, another call came in, but when the answering machine took the call, the caller hung up. Sometime within 30 minutes of the threat, appellant left a message on Mrs. George's machine that she would soon hear from his attorney.

Appellant was convicted under TEX.PENAL CODE ANN. § 22.07 (Vernon 1989), which provides:

(a) A person commits an offense if he threatens to commit any offense involving violence to any person or property with intent to:

(2) place any person in fear of imminent serious bodily injury;

In order to commit the offense of terroristic threat, the accused must intend to place the victim in fear of imminent serious bodily injury. *Dues v. State*, 634 S.W.2d 304, 305 (Tex.Crim.App.1982); *Burrell v. State*, 541 S.W.2d 615, 617 (Tex. Crim.App.1976); *Jarrell v. State*, 537 S.W.2d 255, 256–57 (Tex.Crim.App.1976). A person acts intentionally with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. TEX.PENAL CODE ANN. § 6.03(a) (Vernon 1989).

Appellant argues he never intended to put Mrs. George in fear of imminent serious bodily injury, and she was never in fear, because she stayed home that night and because she waited to press charges until she talked with her divorce attorney. The accused's intent, however, cannot be determined merely from what the victim thought at the time of the offense. *Dues*, 634 S.W.2d at 305. "Indeed, for this offense to be completed it is not necessary that the victim or anyone else was actually placed in fear of imminent serious bodily injury." *Id.* All that is necessary to complete the offense is that the accused, by his threat, *sought as a desired reaction* to place a person in fear of imminent serious bodily injury. *Dues*, 634 S.W.2d at 306; *Burrell*, 541 S.W.2d at 617; *Jarrell*, 537 S.W.2d at 256–57 (emphasis added). "The section is broad enough to cover threats to commit any crime of violence if the actor's intent is to cause fear, emergency action, or substantial inconvenience." Searcy & Patterson, Practice Commentary, TEX.PENAL CODE ANN. § 22.07 (Vernon 1989); 2 Branch, TEXAS ANNOTATED PENAL STATUTES, § 22.07 (3d ed. 1974) ("This section was intended to be very broad and cover all

threats of violence where the intent was to cause fear, emergency action, or substantial inconvenience").

Intent can be inferred from the acts, words, and conduct of the accused. *Beltran v. State*, 593 S.W.2d 688, 689 (Tex. Crim.App.1980). Here, Mrs. George testified that appellant, quite angry because he thought she was preventing his son from speaking to him, threatened, "I'm going to kill you, you bitch." Because the phone call was recorded, jurors could hear appellant's words and intonation. Moreover, evidence showed that appellant had committed a number of violent acts toward Mrs. George in the preceding years, inflicting black eyes, a broken hand and nose, cuts and bruises to the face, bruises to other parts of the body, hair being pulled out, a sprained hand, and wrist burns. Thus, appellant had reason to believe that she would take his death threat seriously.

Appellant contends that because of his location when he made the threat, allegedly miles away, he could not have intended to inflict fear of *imminent* serious bodily injury. We disagree. It is immaterial whether appellant had the ability or the intention to carry out his threat. *Dues*, 634 S.W.2d at 306; *Jarrell*, 537 S.W.2d at 255. All that is required is that he intended to arouse fear of imminent serious bodily injury. *Jarrell*, 537 S.W.2d at 257 (quoting 2 Branch, Texas Annotated Penal Statutes, § 22.07 (3d ed. 1974)).

Evidence showed that appellant, in the past, had called Mrs. George from different locations, including a house seven blocks away, and from his car while it was close to her house. Moreover, when appellant threatened her, he never stated his location, leaving her to guess his proximity, allowing her to think he was close by. The jury could have concluded that by withholding his true location, appellant intended to give her the impression he was near.

Finally, appellant argues that he could not have intended to place Mrs. George in fear of imminent bodily injury because he called back minutes after the death threat and left a message that she would hear from his attorney the next day. Appellant's attempt to withdraw the threat does not nullify the crime. It may affect the punishment to be assessed, but it does not render the evidence insufficient.

Thus, in light of all the evidence, including appellant's past violence toward Mrs. George, and his anger at what he perceived as her deliberate attempt to prevent him from talking to his children, a rational jury could have found that when appellant threatened to kill Mrs. George, he intended her to fear *imminent* serious bodily injury. We hold the evidence was sufficient.

Point of error one is overruled.

■ In point of error two, appellant claims the trial judge erred in admitting evidence of extraneous offenses. The evidence showed appellant had committed a number of violent acts toward Mrs. George in the years preceding the death threat, inflicting injuries set out above.

Generally, prior crimes are inadmissible to prove the defendant has a bad character or a propensity to commit the offense charged. *Williams v. State*, 662 S.W.2d 344, 346 (Tex.Crim.App.1983); TEX.R.CRIM. EVID. 404(a), (b). However, evidence of other crimes may be admissible to prove motive, intent, plan, knowledge, or lack of mistake or accident. *Montgomery v. State*, 810 S.W.2d 372, 387 (Tex.Crim.App. 1990); TEX.R.CRIM.EVID. 404(b). "Extraneous offense evidence that logically serves any of these purposes is relevant beyond its tendency to prove the character of the person to show that he acted in conformity therewith. It is therefore admissible, subject to the trial court's discretion to exclude it if its probative value is substantially outweighed by the danger of unfair prejudice...." *Montgomery*, 810 S.W.2d at 387.

Appellant's defensive theory at trial was that he had no intent to put Ms. George in fear of imminent injury and she had no fear of imminent injury. Appellant argued these theories vigorously to the jury. The State had to prove appellant threatened Mrs. George with the intent to place her in fear of imminent serious bodily injury. TEX.PENAL CODE ANN. § 6.03(a) (Vernon

1989). Consequently, evidence of his intent was admissible in the State's case in chief. *Bryson v. State*, 820 S.W.2d 197, 199 (Tex. App.—Corpus Christi 1991, no pet.) (evidence of prior misconduct by defendant was admissible to show intent). The evidence was relevant to show appellant intended to place her in fear of imminent serious bodily injury when he threatened her with death. The trial judge allowed the evidence only to show motive or intent and instructed the jury not to consider it for any other purpose, such as determining the character of the appellant or that he acted in conformity with the evidence of prior acts. Appellant nevertheless argues the trial judge erred because he never weighed the probative value of the evidence against the danger of unfair prejudice. TEX.R.CRIM.EVID. 403.

■■■ There is *no evidence the trial* judge did not weigh the evidence as required by rule 403. Thus, we presume he did. We apply the abuse of discretion standard and will not reverse a trial judge whose ruling was within the zone of reasonable disagreement. *Montgomery*, 810 S.W.2d at 391–92. *Montgomery* outlined a number of factors the trial judge should consider when balancing the probative value against the danger of unfair prejudice. *Id.* at 389–90.

Here, those criteria favor admitting the evidence. Appellant's guilt was seriously contested on the issue of intent. Evidence of the prior assaults was closely related to the issue of appellant's intent to place her in fear of injury, and thus, was particularly probative and compelling. The evidence was brief, and the trial judge gave a limiting instruction that it be considered only to determine intent. Thus, there was little danger of confusing the jury. We hold that the probative value was not substantially outweighed by the danger of unfair prejudice. The trial judge did not abuse his discretion.

1. Act of Feb. 26, 1931, 42 Leg., R.S., ch. 10, § 1, 1931 TEX.GEN.LAWS 192, *repealed by* Act of June 14, 1973, 63rd Leg., R.S., ch. 399, § 1973 TEX. GEN.LAWS 883.
The statute provides:

We overrule point of error two.

■■■ In point of error three, appellant claims the trial judge erred in denying his motion to quash the information because it failed to tell him the "nature" of the threat, written or verbal, and it failed to allege how the threat was communicated.

■■■ An information that tracks the statutory language is ordinarily sufficient. *Beck v. State*, 682 S.W.2d 550, 554 (Tex. Crim.App.1985). Unless a fact is essential for notice to the accused, the information need not plead the evidence relied upon by the State. *Id.*

> The information here tracks the statute: "Stephen George ... the Defendant, heretofore on or about July 24, 1990, did then and there unlawfully and with the intent to place Patricia George, hereafter styled the Complainant, in fear of imminent serious bodily injury, threaten to commit an offense involving violence to the Complainant, namely, by threatening to kill the complainant."

The information contains all the elements of the offense the State had to prove under TEX.PENAL CODE ANN. § 22.07(a)(2) (Vernon 1989). The additional information requested in the motion to quash was evidentiary in nature and was not required for purposes of notice. *See May v. State*, 618 S.W.2d 333, 341 (Tex.Crim.App.1981).

Appellant relies on *Goulding v. State*, 126 Tex.Crim. 73, 70 S.W.2d 200 (App. 1934). *Goulding* was distinguished in *Levy v. State*, 138 Tex.Crim. 373, 136 S.W.2d 838 (App.1940). In *Levy*, the offense was threatening to take a life.[1] The offense of terroristic threat closely resembles the offense in *Levy*. *See* TEX.PENAL CODE ANN. § 1265 (Vernon 1940) (repealed 1974); TEX.PENAL CODE ANN. § 22.07 (Vernon 1989); 2 Branch, Texas Annotated Penal Statutes § 22.07 (3d ed. 1974). Like appellant, Levy argued the information

Whoever shall threaten to take the life of any human being or to inflict upon any human being any serious bodily injury shall be fined not less than one hundred nor more than two thousand dollars, and in addition thereto may be imprisoned in jail not exceeding one year.

was insufficient, citing *Goulding. Levy,* 136 S.W.2d at 839. The court distinguished the offense of extortion at issue in *Goulding* from that of threatening a life, distinguished *Goulding,* and held that if the indictment tracks the statute, it need not contain the language in which the threat was expressed. *Id.* We hold that *Levy* controls the disposition of this point of error. The information was sufficient.

Point of error three is overruled.

 In his fifth point of error, appellant contends the trial judge erred by refusing to instruct the jury it could not consider extraneous offenses unless convinced beyond a reasonable doubt that appellant committed them. We hold this was error. *Ernster v. State,* 165 Tex.Crim. 422, 308 S.W.2d 33, 34–35 (App.1957); *accord Ray v. State,* 382 S.W.2d 270, 271 (Tex.Crim.App.1964); *Curry v. State,* 169 Tex.Crim. 195, 333 S.W.2d 375, 376 (App. 1960); *Nicholas v. State,* 138 Tex.Crim. 324, 136 S.W.2d 221, 221–22 (App.1940); *Miller v. State,* 122 Tex.Crim. 59, 53 S.W.2d 790, 791–92 (App.1932); *Rodriguez v. State,* 687 S.W.2d 505, 508 (Tex.App.— Houston [1st Dist.] 1985, no pet.); *see also 8 M. McCormick & T. Blackwell, Texas Criminal Forms and Trial Manual,* § 88.05 (Texas Practice 1985). Because appellant properly objected at trial, *any harm,* regardless of the degree, requires a reversal of the conviction. *Arline v. State,* 721 S.W.2d 348, 351 (Tex.Crim.App.1986); *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (op. on reh'g); *Allen v. State,* 751 S.W.2d 931, 935 (Tex.App.— Houston [1st Dist.] 1988, no pet.). Cases involving preserved error in the jury charge will be affirmed only if no harm has occurred. *Arline,* 721 S.W.2d at 351.

 Reversal is required if the error was "calculated to injure the rights of the defendant." *Almanza,* 686 S.W.2d at 171 (there must be *some* harm to the accused from the error). The potential harm "must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole." *Id.; Allen,* 751 S.W.2d at 935. The error is harmless if it did not contribute to the conviction or punishment. *Stahl v. State,* 749 S.W.2d 826, 831 (Tex.Crim.App.1988); Tex.R.App.P. 81(b)(2).

 The extraneous offenses were important evidence for the State, as shown by the prosecutor's jury argument emphasizing them. Appellant's counsel also mentioned the extraneous offenses during final argument, denying the accusations. The jury arguments indicate the error was harmful, and the State has not demonstrated beyond a reasonable doubt that it caused no harm. *Hicks v. State,* 815 S.W.2d 299, 304 (Tex.App.—Houston [1st Dist.] 1991, no pet.); *Sanders v. State,* 814 S.W.2d 784, 787 (Tex.App.—Houston [1st Dist.] 1991, no pet.); Tex.R.App.P. 81(b)(2).

Texas law has long required the jury instruction appellant sought, and the importance of a charge on reasonable doubt has increased, not decreased, with the passage of time. *Geesa v. State,* 820 S.W.2d 154, 162 (Tex.Crim.App.1991) (requiring a lengthy, comprehensive reasonable doubt instruction on the primary offense in all criminal cases, even without an objection or request by any party); *see also Harris v. State,* 790 S.W.2d 568, 587 (Tex.Crim.App. 1989) (appellate court should consider whether declaring the error harmless would encourage its repetition).

The State relies on *Marquez v. State,* 725 S.W.2d 217, 225 (Tex.Crim.App.1987), *Porter v. State,* 709 S.W.2d 213, 215 (Tex.Crim. App.1986), *McWherter v. State,* 607 S.W.2d 531, 535 (Tex.Crim.App.1980), *Johnson v. State,* 509 S.W.2d 639, 640 (Tex.Crim.App. 1974), and *Payton v. State,* 830 S.W.2d 722, 730 (Tex.App.—Houston [14th Dist.] 1992, no pet.), to argue that the reasonable doubt instruction was not required. Those cases are distinguishable for many reasons, the most important being that none dealt with a limiting instruction on reasonable doubt for extraneous offenses.

Point of error five is sustained.

We need not decide point four because of our decision to sustain point five.

The judgment is reversed, and the cause is remanded.