# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-00-00809-CR

---

**Robert Kendall Clark, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY
### NO. 526-147, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING

---

A jury found appellant Robert Clark guilty of the offense of making a terroristic threat. *See* Tex. Penal Code Ann. § 22.07 (West 1994). The trial court assessed appellant's punishment at confinement in the county jail for ninety days and a fine of $500. On appeal, appellant asserts that the evidence is not sufficient to support the jury's verdict. We will affirm the judgment.

Appellant makes a global claim: "The evidence is insufficient to convict appellant for the offense of terroristic threat."[1] In reviewing a legal sufficiency challenge, we view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443

---

[1] When a global claim of insufficient evidence is made and, as here, appellant cites no authority and does not state the standard of review for either legal or factual sufficiency, we need only determine whether the evidence is legally sufficient to support the conviction. *See Martinets v. State*, 884 S.W.2d 185, 189 (Tex. App.—Austin 1994, no pet.); *Boatwright v. State*, 933 S.W.2d 309, 311 (Tex. App.—Houston [14th Dist.] 1996, no pet.).

U.S. 307, 319 (1979); *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); *Patrick v. State*, 906 S.W.2d 481, 486 (Tex. Crim. App. 1995); *Geesa v. State*, 820 S.W.2d 154, 167 (Tex. Crim. App. 1991).

The statute under which appellant was charged in pertinent part provides:

(a) A person commits an offense if he threatens to commit any offense involving violence to any person . . . with intent to:

. . . .

(2) place any person in fear of imminent serious bodily injury; . . .

. . . .

(b) An offense under Subdivision . . . (2) of Subsection (a) is a class B misdemeanor.

Tex. Penal Code Ann. § 22.07(a)(2), (b) (West 1994). "Serious bodily injury" means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. *Id*. § 1.07(46). The State alleged that appellant intentionally placed Bertha Serna in fear of imminent serious bodily injury by threatening to use deadly force against her.

On March 24, 1999, the day of the alleged offense, Bertha Serna was State Representative Terry Keel's secretary. At about 11:30 a.m., appellant entered Representative Keel's office in the State Capitol Annex. Appellant approached the desk of the receptionist, Jennifer Reed. Serna recognized appellant, who had visited the office approximately twenty times between April and October 1998, and greeted appellant by name. Appellant walked up to Serna and told her he wanted his two tapes that he had left in the office. Serna understood appellant's reference to the tapes. Serna

2

told appellant that he would need to come back to the office because the office manager, with whom appellant had dealt previously concerning the tapes, was out of the office temporarily. Appellant left the office.

Only a minute or two later, appellant "stormed" back into the office. This time he was angry, extremely agitated, and acting "erratic." Appellant went directly to Serna's desk and standing over her and looking straight at her, he angrily shouted, "I'll resort to deadly force if I have to, to obtain those tapes . . . I'll resort to deadly force, and if you don't think I am serious, take a look at this." Appellant had one hand behind his body and with the other flashed something in his wallet. Serna, afraid appellant was about to carry out his threat, kept a watch for any movement from appellant's concealed hand and did not see what appellant had in his wallet. Appellant left the office stating he would be back in fifteen or twenty minutes to get his tapes. Serna and Reed were frightened, and Serna called Capitol Security. Two officers responded. After interviewing Serna and Reed, the officers waited outside of the office for the appellant to return. Soon, a man fitting appellant's description approached the office. The officers prevented the man from entering the office. After he showed the officers his identification, appellant voluntarily accompanied them to a security office. Appellant said he had left his tapes with Serna and he blamed her for their loss. He told the officers that he would use whatever force was necessary to recover his lost property.

Appellant argues that the evidence is insufficient because his threat was not imminent and was conditioned on the return of his tapes, and because his threat, if directed at anyone, was directed at the office manager, not at Serna.

3

This offense requires that an accused have the specific intent to place any person in fear of imminent serious bodily injury. *Dues v. State*, 634 S.W.2d 304, 305 (Tex. Crim. App. 1982); *Bryant v. State*, 905 S.W.2d 457, 459 (Tex. App.—Waco 1995, pet. ref'd); *Hadnot v. State*, 884 S.W.2d 922, 925 (Tex. App.—Beaumont 1994, no pet.). A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. Tex. Penal Code Ann. § 6.03(a) (West 1994). Intent can be inferred from the acts, words, and conduct of the accused. *Dues*, 634 S.W.2d at 305; *Poteet v. State*, 957 S.W.2d 165, 167 (Tex. App.—Fort Worth 1997, no pet.); *Cook v. State*, 940 S.W.2d 344, 347 (Tex. App.—Amarillo 1997, pet. ref'd). The accused's intent, however, cannot be determined solely from what the victim believed at the time of the offense. *Dues*, 634 S.W.2d at 305; *George v. State*, 841 S.W.2d 544, 546 (Tex. App.—Houston [1st Dist.] 1992), *aff'd,* 890 S.W.2d 73 (Tex. Crim. App. 1994). It is immaterial whether appellant had the ability or capability of carrying out his threat. *Dues*, 634 S.W.2d at 305; *Jarrell v. State*, 537 S.W.2d 255, 257 (Tex. Crim. App. 1976); *George*, 841 S.W.2d at 547.

For this offense to be complete, it is not necessary that the victim or anyone else is actually placed in fear of imminent serious bodily injury. *Dues*, 634 S.W.2d 305; *George*, 841 S.W.2d at 546. For this offense to be complete, it is only necessary that the accused, by his threat, sought as a desired reaction that a person be placed in fear of imminent serious bodily injury. *Dues*, 634 S.W.2d at 305; *Jarrell*, 537 S.W.2d at 257; *George*, 841 S.W.2d at 546.

We cannot agree that the evidence supports appellant's argument that his threat was conditional, not imminent, and not directed toward Serna. Viewed in the light most favorable to the

prosecution, the jury could reasonably find that evidence of appellant's anger, aggressive action, and the words he used were intended to place Serna in fear of imminent serious bodily injury. We conclude the evidence is legally sufficient to support the jury's verdict. Appellant's point of error is overruled.

The judgment is affirmed.

_____

_____Carl E. F. Dally, Justice

Before Justices Kidd, Patterson and Dally[*]

Affirmed

Filed:  June 29, 2001

Do Not Publish

* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).