Opinion filed November 30, 2006
















 
 
  
 
 







 
 
  
 
 




Opinion filed November 30, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00383-CR 

                                                     __________

 

                                  CHARLES
SNODGRASS, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 238th District Court

 

                                                        Midland County, Texas

 

                                                    Trial
Court Cause No. 30729

 



 

                                                                   O
P I N I O N 

Charles Snodgrass was indicted for robbery
enhanced as a repeat offender.  The jury
found appellant guilty and assessed his punishment at seven years confinement
in the Institutional Division of the Texas Department of Criminal Justice after
appellant pleaded true to two enhancement paragraphs.  We affirm.








On the morning of March 29, 2005, appellant was in
the cough and cold section of Albertson=s
grocery store on North Midland Drive in Midland.  Frank Edward McBride, a scan coordinator,
noticed appellant in the cough and cold section and thought he Alooked lost.@  Appellant picked up several boxes of Sudafed,
looked at McBride, and then put the boxes back on the shelf.  Appellant Alooked
around again@ and
picked the six or seven boxes of Sudafed up again.  Appellant headed for the exit and not toward
the cash registers.  McBride met
appellant at the south entrance of the store, stood in front of appellant, and
asked whether he was going to pay for the items in his hands.  Appellant hit McBride in the chest and then
pushed McBride through a set of double doors at the south entrance of the
store.   Other employees came to McBride=s aid, and they subdued appellant.  The police were called.  When the police arrived, several employees
were holding appellant down as he punched and kicked.  McBride was taken to the emergency room and a
deep bruise was found on his chest. 
Although there was video surveillance, the tape was never recovered. 








Appellant argues that the evidence is legally and
factually insufficient to support the conviction.  In a legal sufficiency review, we view all of
the evidence in the light most favorable to the verdict and then determine
whether a rational trial of fact could have found the essential elements of the
crime beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307 (1979).  To determine if the evidence is factually
sufficient, the appellate court reviews all of the evidence in a neutral
light.  Watson v. State, 2006 WL
2956272, at *8 (Tex. Crim. App. Oct. 18, 2006) (overruling in part Zuniga v.
State, 144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State, 23
S.W.3d 1, 10-11 (Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404,
407-08 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996).  Then, the
reviewing court determines whether the evidence supporting the verdict is so
weak that the verdict is clearly wrong and manifestly unjust or whether the
verdict is against the great weight and preponderance of the conflicting
evidence.  Watson, 2006 WL
2956272, at *8;  Johnson, 23
S.W.3d at 10-11.  The jury is the sole
judge of the weight and credibility of the witnesses=
testimony, and due deference must be given to the jury=s
determination. Tex. Code Crim. Proc. Ann.
art. 36.13 (Vernon
1981), art. 38.04 (Vernon
1979); Johnson, 23 S.W.3d at 8-9.  Appellant was convicted of robbery as a repeat
offender.  A person commits the offense
of robbery if, in the course of committing theft as defined in Tex. Pen. Code Ann. ch. 31 (Vernon 2003
& Supp. 2006) and with intent to obtain or maintain control of the
property, he intentionally, knowingly, or recklessly causes bodily injury to
another.  Tex. Pen. Code Ann. '
29.02(a)(1) (Vernon 2003), '
31.03 (Vernon
Supp. 2006).  Appellant argues that the
State did not meet its burden of proof on the intent element for two reasons:
(1) appellant carried cash at the time of the incident and (2) one of the
witnesses indicated that he thought appellant would pay for the Sudafed. 

Appellant asserts that one of the four witnesses
for the State B Jerry
Salazar, the produce manager B
testified that he thought appellant would pay for the items.  Salazar testified that McBride pointed
appellant out to Salazar and told him to watch appellant and make sure he was
not going to take anything.  Salazar
testified that Awe
thought he was going to pay for them.@  However, McBride and Scott Eldon Harris, the
store director, both testified that appellant was going toward the store exit
and not the cash registers.  Salazar also
testified that, after appellant was subdued by McBride and other employees,
appellant said he would pay for the items. 
Harris and Midland Police Officer Christopher M. Earp testified that the
scuffle between appellant and McBride started near the south  exit and ended in the foyer, the area between
the outer and inner doors of Albertson=s.  Although appellant did have cash, it was up
to the jury to resolve the fact question of intent.  Robles v. State, 664 S.W.2d 91, 94
(Tex. Crim. App. 1984).  Intent is an
element that can be inferred from the acts, words, and conduct of the
defendant.  Dues v. State, 634
S.W.2d 304, 305 (Tex. Crim. App. 1982). 
The question of intent must be examined as of the time appellant took
the items and not after he was accosted.  See id. 


Appellant took the Sudafed, walked toward an exit,
and pushed McBride when confronted, causing McBride=s
injury.  The evidence is legally and
factually sufficient to support appellant=s
conviction.  Appellant=s sole issue is overruled.

The judgment of the trial court is affirmed. 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

November 30, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of: Wright, C.J.,

McCall,
J., and Strange, J.