

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-11-00713-CR

Rudolfo J. **MENDEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR0406
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:       Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  January 2, 2013

AFFIRMED

A jury convicted Rudolfo J. Mendez of the offense of theft. *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(2) (West 2011). In one issue, Mendez argues the evidence was legally insufficient to show his intent to deprive the owner of the property. *See id*. § 31.03(a). A jury may infer intent from any facts which tend to prove its existence, including the acts, words, and conduct of the accused. *Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002); *Dues v. State*, 634 S.W.2d 304, 305 (1982). In analyzing legal sufficiency of the evidence, we determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the

evidence when viewed in the light most favorable to the verdict. *Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007).

Viewed in the light most favorable to the verdict, the trial evidence showed that Mendez applied for welfare benefits in January 2009. When Mendez applied for welfare benefits, he reported that the only income he received was from rental property, and the only people living in the household were Mendez and his son. Department employees told Mendez he must report any changes in household income and composition to the Department within ten days of the change. This was required because eligibility for welfare benefits depends upon household income and the number of people living in the household. Mendez received welfare benefits from February 2009 to March 2010.

The Department began investigating Mendez after receiving a tip from the welfare fraud hotline. During the investigation, three witnesses told an investigator that Mendez's wife, Jessica, was living in Mendez's household from February 2009 to June 2009. However, Mendez failed to report Jessica's presence in the household until July 2009. In July 2009, Mendez reported that Jessica and two additional children were living in the household, and that Jessica was receiving unemployment benefits. On September 1, 2009, Mendez reported that Jessica was no longer receiving unemployment benefits. That same month, Jessica obtained full-time employment. Jessica worked full time from September 2009 to March 2010. However, Mendez failed to report the change in Jessica's employment status and the corresponding change in household income to the Department. Mendez also failed to report employment income he earned from October 2009 to February 2010. Because of Mendez's failure to report Jessica's presence in the household and the couple's employment income, there were months in which Mendez received more welfare benefits than was appropriate, and months in which Mendez received welfare benefits but should have received nothing.

The evidence showed that Mendez knew he was required to report changes in household income and composition. The evidence further showed that Mendez reported changes in household income and composition when the changes resulted in an increase in welfare benefits, and failed to report changes in household income and composition when the changes would have resulted in a decrease in welfare benefits. We conclude the jury, based upon the combined and cumulative force of all the evidence viewed in the light most favorable to the verdict, could have reasonably inferred that Mendez intended to deprive the Department of its property by failing to report changes in household income and composition. *See Roberts v. State*, 319 S.W.3d 37, 49 (Tex. App.—San Antonio 2010, pet. ref'd) (concluding the jury could reasonably infer intent from the defendant's acts, words, and conduct). The trial court's judgment is therefore affirmed.

Karen Angelini, Justice

Do not publish