In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-18-00384-CR**

**HUBERT MAX DENNIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the County Court at Law No. 5
Montgomery County, Texas
Trial Cause No. 18-332459

**MEMORANDUM OPINION**

The State of Texas charged appellant, Hubert Max Dennis, by information, with the Class A misdemeanor offense of terroristic threat – family violence.[1] In the trial that followed, the jury found Dennis guilty and assessed his sentence at confinement in the Montgomery County Jail for 275 days along with a $4,000 fine. Dennis appealed. He filed a brief complaining the trial court abused its discretion by

_____
[1] Tex. Pen. Code Ann. § 22.07(a)(2), (c).

1

admitting evidence showing he had a prior conviction for murder, suggesting that the evidence about the murder was not relevant and was more prejudicial than probative to whether he made a terroristic threat. For the reasons explained below, we conclude Dennis's arguments lack merit.

Background

In 2005, Dennis began a dating relationship with "Robin."[2] Shortly after Dennis began seeing Robin, he told her that he had been to prison for murder. Believing people are capable of change and admiring him for being honest about his past, Robin began a relationship with Dennis that lasted about thirteen years. Eventually, Robin allowed Dennis to move in with her and live in her home.

During the relationship, Dennis and Robin sometimes argued with each other. Over the years, their relationship became increasingly contentious. In February 2018, Robin tried to get Dennis to leave her home. Dennis responded angrily—he threatened to cut Robin's head off and burn down her home. Yet, for several more months, Robin allowed Dennis to stay in her home while considering how she could safely make him leave.

---

[2] We use the pseudonym "Robin" when referring to the person Dennis threatened. *See* Tex. Const. art. I, § 30(a)(1) (granting crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process").

2

In June 2018, Robin notified Dennis, in writing, of her intent to evict him from her home. Dennis threw the notice at her, stating he would not sign the notice. The next day, Dennis signed the notice but told Robin, in a raised tone of voice, that he was not going to leave the house "unless they pulled him out[.]" He also told her he had "killed before and he'd kill again." After clenching his fists, Dennis looked into Robin's eyes and told her "he wasn't going back to prison without a good reason." When the opportunity presented itself for Robin to leave the home, she drove to the County's parole office seeking their assistance in getting Dennis out of her home.

Analysis

On appeal, Dennis claims the trial court erred by overruling his objections to evidence showing that, in 1988, he was convicted of committing a murder. During the trial, Dennis argued the conviction on the 1988 murder was not relevant to whether he threatened Robin, and if his 1988 conviction was relevant, evidence relevant to the 1988 conviction was more prejudicial than probative on the issue of whether he made a terroristic threat to Robin in 2018.

Generally, evidence of another crime is inadmissible to prove that a defendant has a prior conviction showing he has a propensity to commit crimes like the one that is at issue in the defendant's trial.[3] But the general rule has many exceptions. At

---

[3] *Robbins v. State*, 88 S.W.3d 256, 262-63 (Tex. Crim. App. 2002); Tex. R. Evid. 404(b)(1).

trial, the State argued that Rule 404(b)(2) applied to the evidence the State offered to prove Dennis's conviction for murder. According to the State, Dennis's conviction for murder was relevant to proving that the statements Dennis made to Robin in June 2018 were intended to, and did, cause Robin to reasonably fear Dennis would cause a serious injury should she follow through on evicting him from her home.[4] But even when evidence showing a prior conviction is made based on an exception to the general rule that would otherwise operate to exclude such evidence, it may still be objectionable (and inadmissible) when the probative value of evidence regarding a prior conviction "is substantially outweighed by the danger of unfair prejudice[.]"[5]

Dennis argues that the evidence showing that he was convicted of committing murder in 1988 was not relevant to proving that, in June 2018, his statements to Robin amounted to a terroristic threat. Here, the information alleges that on or about June 17, 2018, Dennis threatened Robin with the intent to place her in fear of imminent serious bodily injury.[6] To prove that claim, the State produced evidence showing what Dennis meant to convey to Robin given the statements he made to her on June 17, 2018, when she handed him the notice that she was evicting him from

---

[4] Tex. R. Evid. 404(b)(2).
[5] *Montgomery v. State*, 810 S.W.2d 372, 387 (Tex. Crim. App. 1990) (cleaned up).
[6] Tex. Penal Code Ann. § 22.07(a).

her home. The statements Dennis made after Robin handed him the eviction notice—that he would not go back to prison and had killed before and would kill again—when placed in context with the statements Dennis made to Robin in February 2018 when he told her he would cut off her head should she evict him, allowed the jury to infer that Dennis intended to threaten Robin with a serious injury should she carry out her plan to evict him from the home.[7]

Under Texas law, a person acts with intent when it is the person's conscious objective or desire to engage in the conduct or to cause the result.[8] In deciding what someone intended, juries may consider the reactions of those who heard what the defendant said to decide what the defendant intended to accomplish through the statements that he made.[9] But no matter how the intended victim reacts to the statements the defendant made, the question is whether the defendant, based on the threat the statement communicates, intended the person who learned of it to fear that the defendant would carry out the threat and seriously injure another.[10] Accordingly, evidence of both the "desired and sought after reaction of the listener, regardless of whether the threat is carried out, constitutes some evidence of the intent of the protagonist."[11]

---

[7] *Id.*
[8] *Id.* § 6.03(a).
[9] *Dues v. State*, 634 S.W.2d 304, 305 (Tex. Crim. App. 1982).
[10] *Id.*
[11] *Zorn v. State*, 222 S.W.3d 1, 3 (Tex. App.—Tyler 2002, pet. dism'd).

As here, jurors are often required to infer what the defendant intended from the evidence the trial court admits in the trial that is relevant to the defendant's acts, words and conduct.[12] So, is evidence showing Dennis had a prior conviction for murder relevant based on the testimony of the circumstances surrounding the events of June 17, 2018? We conclude the answer is yes. The jury heard evidence during the trial showing that shortly after Robin met Dennis, she learned he had been convicted of a murder. In February 2018, when Robin told Dennis that she wanted him to move out of her home, he threatened to cut off her head. Then, when Robin handed Dennis the notice of eviction, he responded by saying he would not go back to prison. He then coupled that statement with another the jury could have reasonably interpreted as an implied threat—he was willing to kill again to avoid going back to prison should she follow through with her threat to evict him. Under the circumstances, we conclude the jury could reasonably infer that Dennis, based on these statements, intended to make Robin fear a serious and imminent injury would result should she follow through with the eviction.

Robin's testimony provides even more support for the jury's finding. She testified that, after Dennis told her that he'd killed before and he'd kill again, she "didn't know if [she would] make it out of the house" that day. We hold the trial court did not abuse its discretion by finding the evidence of the murder relevant to

---

[12] *Beltran v. State*, 593 S.W.2d 688, 689 (Tex. Crim. App. 1980).

proving what Dennis intended to accomplish through the statements he made to Robin around June 17.[13]

Next, we turn to Dennis's argument that the trial court should have sustained his objection to the evidence showing he had a conviction for murder because it was more prejudicial than probative in proving he made a terroristic threat. Under Rule 404(b), trial courts may exclude evidence even when relevant when the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.[14] That said, courts start with the presumption that evidence relevant to proving a fact of consequence is more probative than prejudicial.[15] When reviewing a trial court's decision to admit evidence, we use an abuse of discretion standard.[16] In conducting our review, we evaluate whether the trial court balanced the probative value against the danger of unfair prejudice in deciding to admit the evidence.[17] We also evaluate

---

[13] *See* Tex. R. Evid. 401 ("relevant evidence" means evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence); *George v. State*, 841 S.W.2d 544 (Tex. App.—Houston [1st Dist.] 1992), *aff'd*, 890 S.W.2d 73 (Tex. Crim. App. 1994) (evidence that the defendant had committed several violent acts towards his wife in the past was admissible to show that defendant had intended to place wife in fear of imminent serious bodily injury).

[14] Tex. R. Evid. 403.

[15] *Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997).

[16] *Montgomery v. State*, 810 S.W.2d 372, 392 (Tex. Crim. App. 1990).

[17] *Id*.

whether the ruling the trial court made admitting the evidence was arbitrary and capricious.[18]

Generally, when balancing the probative value of evidence that a party wants to introduce against the danger the evidence is prejudicial in an unfair way, courts examine:

1. The probative value of the evidence;

2. The potential the extraneous offense evidence has to impress the jury in some irrational and indelible way;

3. The time needed to develop the evidence of the extraneous offense; and

4. The proponent's need for the extraneous transaction evidence.[19]

As discussed above, the evidence showing Dennis had been convicted of murder was relevant to proving whether Dennis intended, by his statements, to place Robin in fear of an imminent serious bodily injury. The record reveals that it took only minimal time for the State to establish that Dennis had a prior conviction for murder. The trial court admitted the murder conviction and indictment relevant to it without further evidence describing the detailed circumstances that led to the murder. In closing argument, the prosecutor did not specifically mention the 1988 conviction and instead, focused her argument on the statements Dennis made to

---

[18] *Id.*
[19] *Wyatt v. State*, 23 S.W.3d 18, 26 (Tex. Crim. App. 2000).

Robin in 2018. The trial court also took preventative measures to avoid the threat of undue prejudice based on the statements in the jury charge, as it instructed the jury that the jury could use the 1988 conviction only to determine Dennis's intent.

## Conclusion

We conclude the record does not support Dennis's arguments claiming the trial court admitted the conviction for murder without reference to any guiding rules or principles or that its ruling was arbitrary or capricious. For these reasons, as more fully explained above, we hold the record does not support Dennis's arguments seeking to reverse his conviction based on the trial court's ruling to admit the fact that Dennis was convicted of murder in 1988. We overrule Dennis's issues and affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on August 10, 2020
Opinion Delivered December 2, 2020
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

9