IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-261-CR


AND


NO. 3-93-262-CR





JAMES JUREK,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT



NOS. 7834 & 7835, HONORABLE HAROLD R. TOWSLEE, JUDGE PRESIDING



 





 After the jury found appellant guilty of two offenses of aggravated sexual assault
of a child, the court assessed punishment at confinement for ninety-nine years in each cause. Act
of May 26, 1987, 70th Leg., R.S., ch. 573, § 1, 1987 Tex. Gen. Laws 2275, amended by Act
of July 18, 1987, 70th Leg., 2d C.S., ch. 16, § 1, 1987 Tex. Gen. Laws 80 (Tex. Penal Code
Ann. § 22.021, since amended). In a single point of error, appellant lists thirty acts or omissions
on the part of his trial counsel at the guilt-innocence stage of the trial that he asserts denied him
the effective assistance of counsel. We will reverse the convictions and remand for a new trial.

 Appellant was charged in separate indictments with the sexual assault of his twin
step-daughters by the penetration of the sexual organs of P.H. and A.H. with his sexual organ. 
The offenses were alleged to have occurred on or about July 24, 1992 and on or about July 26,
1992.

 Thirteen-year-old A.H. testified that she slept in the same room with her twin sister
P.H. A.H. related that on the night in question appellant woke her up by "putting his hand under
my nightgown." Even though she said "No," appellant placed his penis in her mouth. Appellant
then "started putting his penis in my vagina -- he got on top of me." Appellant told her if she did
not keep her mouth shut he would "beat my mom."

 P.H. testified that she heard A.H. cry and saw appellant on top of A.H. P.H.
described how appellant had previously woken her up by putting his hand under her nightgown. 
Appellant threatened her if she did not remove her underwear. After having put his penis in her
vagina and "moving up and down," appellant threatened to "kill all of us if I told."

 Dr. Michael Mouw, a physician at Brackenridge Hospital in Austin, examined
A.H. and P.H. on July 29, 1992. Dr. Mouw testified that his examinations showed that both girls
had engaged in sexual intercourse. Dr. Mouw found no lacerations or other evidence of trauma.

 Appellant denied having sexually assaulted his step-daughters. Appellant testified
that his ex-wife forced A.H. and P.H. to testify about having been assaulted because she was mad
at him for having reported her to the Department of Human Services for falsifying statements to
that agency to obtain food stamps. Appellant stated that the girls were afraid of their mother
because she had beaten them with a broomstick.

 To sustain a claim that counsel's assistance was so defective as to require reversal,
a defendant must first prove that counsel's performance was deficient by proving that counsel
"made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant
by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). Second, the
defendant must show that the deficient performance prejudiced the defendant to such an extent that
the defendant was deprived of a fair trial. Id. "Unless a defendant makes both showings, it
cannot be said that the conviction . . . resulted from a breakdown in the adversary process that
renders the result unreliable." Id. See also Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim.
App. 1986) ("[W]e will follow in full the Strickland standards in determining effective assistance
and prejudice resulting therefrom."); Shaw v. State, 874 S.W.2d 115, 118 (Tex. App.--Austin
1994, pet. ref'd) (applying the Strickland standards). The adequacy of the assistance is tested by
the totality of the representation. Ex parte Raborn, 658 S.W.2d 602, 605 (Tex. Crim. App.
1983). A presumption exists in favor of counsel's conduct, and a defendant has the burden of
disproving that under the circumstances, the challenged action might be considered sound trial
strategy. Strickland, 466 U.S. at 689.

 Appellant complains of his trial counsel's failure to file a motion in limine to
exclude extraneous offenses and counsel's failure to object when the State introduced extraneous
offenses. Appellant directs our attention to the testimony of Nancy Davis, appellant's ex-wife and
mother of A.H. and P.H. Davis testified that appellant would "hit on me and beat on me -- put
his foot on my throat -- knock the living fool out of me." Davis related that when she "came back
home to get her things, he [appellant] had burned them all." All of the foregoing testimony came
in without defense counsel voicing any objection. An objection by defense counsel would have
shifted the burden to the State to show that the other crime, wrong or act had relevance apart from
its tendency to prove character of a person in order to show that he acted in conformity therewith. 
Tex. R. Crim. Evid. 404(b); Montgomery v. State, 810 S.W.2d 372, 387 (Tex. Crim. App.
1990). Relevant evidence is defined as any evidence which has any tendency to make the
existence of any fact that is of consequence to the determination of the action more probable or
less probable than it would be without the evidence. Tex. R. Crim. Evid. 401. Clearly, the
testimony that appellant beat his wife and burned her things was not relevant to the offense of
sexual assault of a child. We find that trial counsel's failure to file a motion in limine to exclude
extraneous offenses and conduct coupled with his failure to object to their introduction fell below
objective standards of reasonableness under prevailing professional norms and thus constituted
deficient performance in representation of appellant at trial. See Ex parte Menchaca, 854 S.W.2d
128, 132 (Tex. Crim. App. 1993).

 Appellant additionally asserts that the failure of his trial counsel to object to the
prosecutor's incorrect statement of the law concerning the State's burden of proof constituted
deficient representation. During voir dire examination, the prosecutor told the jury that he was
going to give it a short version and a long version of the meaning of reasonable doubt. The short
version was described by the prosecutor as passing the "guts test -- if you are really convinced of
something, something very, very important, then you believe it in your gut, down here. You feel
certain about it. That's what reasonable doubt means." The prosecutor then told the jury that the
Court of Criminal Appeals "took it on themselves, after 150 years of jurisprudence to tell the jury
what they already knew in the first place, which is what beyond a reasonable doubt is." The
prosecutor continued by reading the definition of reasonable doubt (included in the trial court's
charge) adopted by the Court of Criminal Appeals in Geesa v. State, 820 S.W.2d 154, 162 (Tex.
Crim. App. 1991). The prosecutor then stated that the jury could read and understand the
definition he had read, "or you can just use my gut check definition, that's fine too." After
admonishing the jury to think about the evidence and discuss the evidence, the prosecutor
concluded, "if you all feel good about your decision, you hand in an unanimous verdict. If you
don't feel good about your decision, then one of you may have a reasonable doubt." Error does
not lie in going beyond the court's charge, but lies in stating law contrary to the charge. Mauldin
v. State, 628 S.W.2d 793, 795 (Tex. Crim. App. 1982). We find that trial counsel was deficient
in his representation of appellant by failing to object to the prosecutor's definition of reasonable
doubt that was contrary to the law contained in the court's charge. See Dues v. State, 634 S.W.2d
304, 306 (Tex. Crim. App. 1982).

 Appellant complains of his trial counsel's failure to object to the testimony of Dr.
Cecil Reynolds concerning appellant's truthfulness. Dr. Reynolds, a licensed psychologist,
testified that as a result of his psychological evaluation of appellant, the jury would not "be in a
position to believe what he [appellant] says under oath." Expert testimony regarding the
truthfulness of a witness is inadmissible under Texas Rules of Criminal Evidence 702. Yount v.
State, 872 S.W.2d 706, 711 (Tex. Crim. App. 1993). The court in Yount reasoned that the use
of expert testimony must be limited to situations in which the expert's knowledge and experience
on a relevant issue are beyond that of an average juror. Id. at 710-11. We are persuaded that
trial counsel's representation of appellant was deficient in failing to object to the psychologist's
testimony that appellant could not be believed under oath.

 Appellant further directs our attention to his trial counsel's failure to object to the
prosecutor characterizing appellant as a "real life monster" on two occasions during opening
statement to the jury. In Grant v. State, 472 S.W.2d 531 (Tex. Crim. App. 1971), the prosecutor
persisted in referring to the defendant as a "beast." Id. at 532. The State's evidence showed that
the defendant, who had been living with the mother of the child victim, took the ten-year-old
victim to a vacant apartment in the early hours of the morning, forced her onto an old mattress,
and attempted to have sexual intercourse with her. The court stated the argument was improper,
but noted that the defendant received all the relief he requested when the court instructed the
prosecutor to call the defendant by his name. The Grant court concluded that the argument was
not so prejudicial under the facts of the case as to require the trial court to grant a mistrial without
a request therefor. Id. at 533. In the instant cause, the prosecutor's characterization of appellant
as a "real life monster" in his opening statement was clearly improper. Arguably, trial counsel's
failure to object, request an instruction, and move for a mistrial, standing alone, may not
constitute deficient representation under the facts of the instant cause. However, it is a factor we
consider in reviewing the totality of defense counsel's representation of appellant in the trial court. 
See Ex parte Raborn, 658 S.W.2d at 605. We conclude that appellant's trial counsel made errors
so serious that he was not functioning as the counsel guaranteed a defendant by the Sixth
Amendment. Therefore, the first prong of Strickland is satisfied.

 We must next determine whether trial counsel's deficient performance was
prejudicial to the extent that appellant was denied a fair trial. Dues v. State, 634 S.W.2d 304
(Tex. Crim. App. 1982), is instructive in determining whether a prosecutor's misstatement of the
law denies a defendant a fair trial. In Dues, the trial court overruled the defendant's objection to
the prosecutor's statements during voir dire examination of the jury panel implying that intent was
not a required element of the offense of terroristic threat. After noting that the defendant's intent
is an essential element of the offense, the court concluded that the prosecutor's remarks denied
the defendant a fair trial. Id. at 306. In the instant cause, the prosecutor's statement to the jury
that his "gut checks" and "feel good" standards meant the same thing as the Court of Criminal
Appeals' definition of reasonable doubt given in the court's charge was clearly a misstatement of
the State's burden of proof.

 Defense counsel's failure to object to the prosecutor's misstatement of the law
coupled with counsel's failure to file a motion in limine and object to the introduction of
extraneous offenses and conduct clearly deprived appellant of a fair trial. In Ex parte Menchaca,
854 S.W.2d 128 (Tex. Crim. App. 1993), defense counsel failed to file a motion in limine
requesting the trial court to instruct the prosecutor not to elicit testimony concerning the
defendant's probationary term, which had expired. Subsequently, trial counsel failed to object
when the inadmissible prior conviction for rape was introduced and later referred to by the
prosecutor in jury argument. The Menchaca court stated that a jury would be disinclined to
believe the testimony of a defendant with a prior conviction and concluded that defense counsel's
performance was deficient and sufficient to undermine the court's confidence in the verdict. Id.
at 133.

 Arguably, the admission of evidence of the offenses appellant committed against
his ex-wife was not as damaging to appellant's credibility as the defendant's inadmissible
conviction in Menchaca. However, the prejudice appellant suffered from the admission of these
extraneous offenses was compounded by the aforementioned expert's unobjected to inadmissible
testimony that the jury was not in a position to believe appellant under oath. Appellant's entire
defense was based on his testimony denying the offenses and asserting that his ex-wife forced her
daughters to testify to get back at him for reporting her to the Department of Human Services. 
The unobjected to characterization of appellant as a "real life monster" further undermined
appellant's credibility.

 We conclude that appellant's trial counsel's performance was so deficient that
appellant was deprived of a fair trial. Since both steps of the Strickland test have been met,
we hold that trial counsel's "omissions were outside the range of professionally competent
assistance." Strickland, 466 U.S. at 690. (1)

 The judgments are reversed and the causes remanded for a new trial.



 

 Tom G. Davis, Justice

Before Justices Aboussie, B. A. Smith and Davis*

Reversed and Remanded on Both Causes

Filed: December 21, 1994

Do Not Publish















* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).

1.   We find it unnecessary to review the remaining alleged omissions by appellant's trial
counsel.