

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00384-CR
No. 02-18-00385-CR

_____

UMED AHMADI, Appellant

V.

THE STATE OF TEXAS

On Appeal from County Criminal Court No. 10
Tarrant County, Texas
Trial Court Nos. 1510584, 1510585

Before Sudderth, C.J.; Bassel and Womack, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Around 4 p.m. on August 22, 2017, Regina Sneed and her daughter Latoya Badger were talking with each other from their respective vehicles, blocking one of the driveways of Appellant Umed Ahmadi's gas station and convenience store. This led to a verbal exchange between the two women and Ahmadi, who then retrieved a gun and ordered the women to leave. According to Ahmadi, he retrieved his gun because Sneed had cursed at him and had threatened to blow up the gas station, but he claimed that he did not point the weapon at the women. According to Sneed and Badger, Ahmadi used profanity and pointed the weapon at them.[1] Ahmadi was indicted for two counts of Class B misdemeanor terroristic threat,[2] and a jury found

---

[1]Sneed's thirteen-year-old grandson was with her. Badger had four children in her car—her eleven-year-old daughter, her newborn baby, and her two nephews, ages six and seven.

[2]A person commits Class B misdemeanor terroristic threat when he threatens to commit any offense involving violence to any person or property with intent to place any person in fear of imminent serious bodily injury. Tex. Penal Code Ann. § 22.07(a)(2), (c). "Serious bodily injury" is bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. *Id.* § 1.07(a)(46). "Imminent" means "impending; on the point of happening." *See Devine v. State*, 786 S.W.2d 268, 270 (Tex. Crim. App. 1989) (en banc) (quoting Black's Law Dictionary 676 (5th ed. 1979)); *Williams v. State*, 194 S.W.3d 568, 574–75 (Tex. App.—Houston [14th Dist.] 2006) (stating that in gauging imminence, the court "must look to the [temporal] proximity of the threatened harm"), *aff'd*, 252 S.W.3d 353 (Tex. Crim. App. 2008).

The indictments alleged that on or about August 22, 2017, Ahmadi intentionally threatened to commit aggravated assault, an offense involving violence,

2

him guilty of both counts. The trial court sentenced him to 90 days' confinement in each case, set the sentences to run concurrently, suspended the sentences, and placed him on community supervision for 18 months in each case. His conditions of community supervision included a requirement that he complete anger management counseling and a gun safety course.

In a single issue, Ahmadi appeals his convictions, arguing that the trial court erred by allowing Sneed to answer the prosecutor's question about whether it was "hard to face" Ahmadi at trial because this evidence was irrelevant, inadmissible, and "probably had a substantial and injurious effect or influence in determining the jury's guilty verdicts." Ahmadi asserts that the improperly admitted testimony allowed the State to portray Sneed "as a vulnerable grandmother courageously standing up to the monster who [had] threatened her and her family with a gun." He complains that under rule of evidence 401, Sneed's testimony that it was hard to face him had no tendency to make the existence of any fact of consequence in determining the cases more probable or less probable, and therefore it was irrelevant and served only to elicit the jury's sympathy for her and enhance her credibility with an inversely proportional effect on the jury's empathy for him.

The State responds that Sneed's answer was relevant to the offense's intent element such that Sneed's fear had some relevance to the charged offense. But the

against any person or property, with the intent to place Sneed and Badger in fear of imminent serious bodily injury.

3

court of criminal appeals has instructed us that an accused's intent "cannot be determined merely from what the victim thought at the time of the offense" and that for terroristic threat to be completed, "it is not necessary that the victim or anyone else was actually placed in fear of imminent serious bodily injury." *Dues v. State*, 634 S.W.2d 304, 305 (Tex. Crim. App. [Panel Op.] 1982); *see Williams*, 194 S.W.3d at 574 (explaining that an accused's threat of violence, made with the intent to place the victim in fear of imminent serious bodily injury, is what constitutes the offense of terroristic threat). The requisite intent is inferred from the *accused*'s acts, words, and conduct. *Dues*, 634 S.W.2d at 305; *see* Tex. Penal Code Ann. § 6.03(a) ("A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.").

Generally, a party must object each time the objectionable evidence is offered. *Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003); *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003); *Clay v. State*, 361 S.W.3d 762, 766 (Tex. App.—Fort Worth 2012, no pet.). The complained-of portion of Sneed's testimony occurred immediate after the following:

> Q. [Prosecutor] But you could see that your grandson was visibly upset?
>
> A. Yes, ma'am.
>
> Q. Okay. How has this affected you since then?

4

A. I been afraid.  When I go that way I don't -- I just go.  I don't -- I never been to that store.  I mean, it's -- it's a scary feeling *and then being here today is scary, scary.*

Q. *Is it hard -- hard to face him right now?*

[Defense counsel]: Objection as to relevance, Your Honor.

THE WITNESS: *Yes, ma'am.*

THE COURT: Overruled.  [Emphases added.]

While Sneed's emotional state at trial had dubious relevance, *see Dues*, 634 S.W.2d at 305, Ahmadi did not object when she offered testimony that appearing at trial was "scary, scary."  Accordingly, Ahmadi did not preserve his complaint that her follow-up testimony on that point was inadmissible.  *See Clay*, 361 S.W.3d at 766 ("A trial court's erroneous admission of evidence will not require reversal when other such evidence was received without objection, either before or after the complained-of ruling.").

Notwithstanding Ahmadi's failure to preserve his complaint, we agree with the State's argument that admitting this evidence was harmless because—having reviewed the record as a whole, including voir dire, all of the evidence, the jury instructions, the parties' theories, closing arguments, and whether the State emphasized the error— there is nothing in the record to suggest that this short exchange between the prosecutor and Sneed had a substantial and injurious effect or influence in determining the jury's verdict.  *See* Tex. R. App. P. 44.2(b); *Motilla v. State*, 78 S.W.3d

5

352, 355–56 (Tex. Crim. App. 2002); *see also Haley v. State*, 173 S.W.3d 510, 518–19 (Tex. Crim. App. 2005).

We overrule Ahmadi's sole issue and affirm the trial court's judgments.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 26, 2019