

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00197-CR

---

BRETT JOHNSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. DC-2021-CR-0113, Honorable Douglas H. Freitag, Presiding

---

November 8, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Brett Johnson, was convicted of the offense of felon in possession of a firearm[1] and sentenced to incarceration for eighty-five years. From this judgment, Appellant appeals.

---

[1] *See* TEX. PENAL CODE ANN. § 46.04(a).

BACKGROUND

In the mid-afternoon of July 10, 2021, Lubbock Police Department officers were dispatched to an area near 34th Street and Avenue V in Lubbock based on 9-1-1 calls indicating that a man was in that area threatening people with a firearm and that he had fired shots. Corporal Brock Gruner arrived at the location and observed an individual who matched the description of the suspect given by the 9-1-1 callers. Gruner approached the suspect in his vehicle and activated the vehicle's overhead lights. The suspect, who was digging his hand into a purse he was carrying, began to run through a parking lot and into an alley. Gruner pursued the suspect. In the alley, the suspect slipped and fell and Gruner had to slam on his brakes to avoid running the suspect over. While on the ground, the suspect slid the items he was holding under Gruner's vehicle. The suspect was quickly apprehended and handcuffed. Once the suspect, who was later identified as Appellant, was detained, Gruner located the items Appellant had thrown under Gruner's car. One of the items was a purse, which contained a .380 caliber firearm. The firearm was distinctive in that it had a turquoise grip and was smaller than an average firearm. An empty holster was located in Appellant's vehicle as a result of an inventory search. While in custody, Appellant stated that he had "just grabbed her bag," and that he "did not know what was in that bag."

Appellant was arrested and subsequently indicted for the offense of felon in possession of a firearm. Appellant pleaded not guilty, and the case was tried to a jury. After trial, the jury returned a verdict of conviction and, after a punishment hearing, returned a verdict recommending an eighty-five-year sentence of incarceration. The trial

court accepted the jury's verdicts and entered judgment in accordance. From this judgment, Appellant timely appeals.

By his appeal, Appellant presents one issue. He contends that the evidence was insufficient to support his conviction for felon in possession of a firearm. Specifically, he contends that the State did not prove that he "intentionally and knowingly" possessed a firearm.

## STANDARD OF REVIEW

In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether, based on the evidence and reasonable inferences therefrom, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). When reviewing all the evidence under the *Jackson* standard of review, the ultimate question is whether the finding of guilt was a rational finding. *See Brooks v. State*, 323 S.W.3d 893, 906–07 n.26 (Tex. Crim. App. 2010). It is the factfinder's responsibility to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319.

It is not required that each fact "point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014). Circumstantial evidence and direct evidence are equally probative in establishing

3

the guilt of a defendant, and guilt can be established by circumstantial evidence alone. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015).

## LAW AND ANALYSIS

The State charged Appellant with the offense of unlawful possession of a firearm. *See* TEX. PENAL CODE ANN. § 46.04. To prove this charge, it was required to establish that Appellant possessed a firearm at a location other than his residence after he was convicted of a felony and after the fifth anniversary of his release from confinement, community supervision, parole, or mandatory supervision, whichever date is later. *Id.* § 46.04(a)(2). "Possession" requires actual care, custody, control, or management of an item that the actor knowingly obtained, received, or exercised control over for a sufficient period to permit him to terminate his control. *Id.* §§ 1.07(a)(39), 6.01(b). "[T]o support a conviction for possession of a firearm, the State must show (1) that the accused exercised actual care, control, or custody of the firearm, (2) that he was conscious of his connection with it, and (3) that he possessed the firearm knowingly or intentionally." *Gonzalez v. State*, Nos. 07-16-00451-CR, 07-16-00452-CR, 2018 Tex. App. LEXIS 9769, at *5 (Tex. App.—Amarillo Nov. 28, 2018, no pet.) (mem. op., not designated for publication). We can infer intent from the acts, words, and conduct of the accused. *Dues v. State*, 634 S.W.2d 304, 305 (Tex. Crim. App. 1982). Direct or circumstantial evidence may be used to prove possession but the accused's connection with the firearm must be more than "just fortuitous." *Davis v. State*, 93 S.W.3d 664, 667 (Tex. App.—Texarkana 2002, pet. ref'd).

4

In the present case, there is no dispute that Appellant is a convicted felon or that the events occurring in this case transpired within the applicable five-year period from his release. Appellant contends that the evidence adduced at trial was insufficient to prove that he intentionally or knowingly possessed the firearm beyond a reasonable doubt. The State can establish Appellant's intentional or knowing possession of the firearm by proving affirmative links[2] that demonstrate that Appellant was conscious of his connection with the firearm and knew what it was. *James v. State*, 264 S.W.3d 215, 219 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd). In the present case, Appellant matched the descriptions given by several people of a man who was firing a firearm at the location where he was eventually found. *See Robles v. State*, 104 S.W.3d 649, 651 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (fact that appellant matched physical description given in warrant was an affirmative link to contraband). The evidence also established that Appellant possessed the purse containing the firearm and appeared to be searching for something within that bag when Gruner arrived and activated his car's lights. *See Rodriguez v. State*, No. 02-18-00436-CR, 2019 Tex. App. LEXIS 8863, at *22 (Tex.

---

[2] Affirmative links that are relevant to whether the accused knowingly possessed a firearm include:

(1) the defendant's presence when the search was conducted, (2) whether the firearm was in plain view, (3) whether the defendant was in close proximity to and had access to the firearm, (4) whether the defendant had a special connection to the firearm, (5) whether the defendant possessed other contraband when arrested, (6) whether the defendant made incriminating statements when arrested, (7) whether the defendant attempted to flee, (8) whether the defendant made furtive gestures, (9) whether the defendant owned or had the right to possess the place where the firearm was found, (10) whether the place where the firearm was found was enclosed, (11) whether conflicting statements on relevant matters were given by the persons involved, and (12) whether the defendant's conduct indicated a consciousness of guilt.

*Gordy v. State*, No. 06-18-00057-CR, 2018 Tex. App. LEXIS 7615, at *6 (Tex. App.—Texarkana Sept. 19, 2018, pet. ref'd) (mem. op., not designated for publication). Nevertheless, it is the logical force of the links, rather than the number of links, that is dispositive. *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006).

5

App.—Fort Worth Oct. 3, 2019, no pet.) (concluding it "[a] definite link between Appellant and the controlled substance . . . that he had his hand in the bag containing it shortly before it was discovered, and no other person had access to the bag between the time that his hand was observed in the bag and the discovery of the cocaine."). Upon seeing Gruner's police vehicle, Appellant fled. *See Figueroa v. State*, 250 S.W.3d 490, 503 (Tex. App.—Austin 2008, pet. ref'd) (appellant's attempt to flee from police links appellant and contraband and indicates appellant's consciousness of guilt). Additionally, a security guard indicated that he saw Appellant with a "turquoise teal looking" gun, which is consistent with the gun Gruner recovered from the purse abandoned by Appellant. Considering all of the evidence in the light most favorable to the verdict, we conclude that the evidence was sufficient to allow a rational jury to conclude that Appellant intentionally or knowingly unlawfully possessed a firearm.

Appellant's argument on appeal essentially highlights certain evidence that, he contends, is incompatible with his intentional or knowing possession of the firearm. He contends that the gun appears to have been designed for a woman; the gun was found in a woman's purse; and, when he was being detained, Appellant stated several times that he "just grabbed her bag" and that he "did not know what was in that bag." The jury was tasked with considering this evidence as well as the evidence discussed above and resolving the conflicts in the testimony, weighing the evidence, and drawing reasonable inferences from basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319. After doing so, the jury found Appellant guilty.

6

## CONCLUSION

For the foregoing reasons, we overrule Appellant's sole issue and affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.